**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

LINCOLN GENERAL INSURANCE COMPANY, )
)
                Plaintiff, )   **CIVIL ACTION**
)
v. )   No. 09-1194-MLB
)
ERIC SMITH and HEATHER BAKER, )
)
                Defendant. )
                                       )

**MEMORANDUM AND ORDER**

Before the court are the following motions:

1. Defendants' motion to dismiss (Doc. 6), plaintiff's response (Doc. 8) and defendants' reply (Doc. 9);

2. Plaintiff's motion for summary judgment (Doc. 11), defendants' response (Doc. 18) and plaintiff's reply (Doc. 21);

3. Plaintiff's motion to strike (Doc. 17) and defendants' response (Doc. 22); and

4. Defendant Baker's motion for attorney's fees (Doc. 16) and plaintiff's response (Doc. 20).

**I.    Facts**

On October 3, 2007, defendant Heather Baker rented a vehicle from A-OK Rental in Garden City, Kansas, because her personal vehicle was being repaired. Baker completed a customer rental agreement for the vehicle. The terms of the agreement stated that Baker would rent the car for 51 days. Baker then agreed to the following provision in the rental agreement:

        **IMPORTANT - READ BEFORE SIGNING**
        **NO INSURANCE COVERAGE OF ANY KIND OR TYPE IS PROVIDED BY RENTOR**

> The undersigned hereby acknowledges that the rentor is not providing any type of insurance protection or collecting any charges therefore. In consideration of the foregoing acknowledgment the rentee agrees to pay for all loss and damage to the described automobile and to hold rentor harmless from any liability as a result of the rentee's usage thereof.

(Doc. 11, exh. A).

Baker then signed and filled out the foregoing section listing her policy information with her insurer American Family Insurance. Baker wrote that her policy provided $300,000 in liability coverage and provided the name of her agent.

On November 21, 2007, Baker was involved in a one-car accident in Kearney County, Kansas, while driving the rental vehicle. Her brother, defendant Eric Smith, was a passenger. Smith suffered serious injuries in the accident and subsequently made a claim for damages against Baker. American Family paid Smith an undisclosed sum of money damages. Smith than made a claim for damages against A-OK Car Rental who forwarded the claim to plaintiff, its insurer. Smith offered to settle the claim with plaintiff for $25,000. Plaintiff denied coverage on the grounds that the rental agreement did not provide liability insurance coverage because the vehicle was covered under Baker's personal policy.

Smith filed a personal injury lawsuit against Baker in Kearny County District Court in March 2009. Plaintiff provided Baker a defense to the lawsuit under a reservation of rights agreement entered into by plaintiff and Baker.

Plaintiff filed this action seeking a declaration that there is no coverage for the accident that occurred on November 21.

**II.  Analysis**

**A. Motion to Dismiss**

Defendants move to dismiss this action on the basis that the court does not have subject matter jurisdiction. Defendants assert that the amount in controversy cannot be greater than $75,000 because the policy limits under the insurance contract are set at $25,000 per person and $50,000 per occurrence. Plaintiff responds that Smith has sought a settlement of $300,000 on a previous occasion and his complaint in state court alleges damages of more than $75,000.

Federal courts are courts of limited jurisdiction, <u>United States ex rel. Grynberg v. Praxair, Inc.</u>, 389 F.3d 1038, 1048 (10th Cir. 2004), and the parties cannot confer jurisdiction where it is lacking. <u>Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 702, 102 S. Ct. 2099, 2104, 72 L. Ed. 2d 492 (1982). If the court lacks subject matter jurisdiction, all rulings are a legal nullity, lacking any force or effect. See <u>Hart v. Terminex Int'l</u>, 336 F.3d 541, 542 (7th Cir. 2003).

When a case is originally filed in federal court, the plaintiff enjoys a presumption that the amount claimed in the complaint is accurate for purposes of diversity jurisdiction. <u>Martin v. Franklin Capital Corp.</u>, 251 F.3d 1284, 1289 (10th Cir. 2001). In a declaratory action such as this, the Tenth Circuit utilizes the following rule in determining the amount in controversy:

> The amount in controversy is determined as in other types of civil litigation requiring a jurisdictional amount. Where an insurer denies his obligations under a liability insurance policy on the theory either that the accident was not within the coverage of the policy or that such policy was void, the amount in controversy is measured by the injured third party's bona fide claim against the insured, unless this exceeds the maximum limit of the policy, In which event the amount in

-3-

> controversy is the maximum limit of the insurer's liability under the policy.

Farmers Ins. Co., Inc. v. McClain, 603 F.2d 821, 823 (10th Cir. 1979)(citing 6A Moore's Federal Practice P 57.23 at 57-244, 245 (2d ed. 1974)).

The policy limits set forth in the policy at issue are $25,000 per person and $50,000 per occurrence. However, the policy calls for additional benefits that are required by the state of Kansas which include medical payments up to $4500, rehabilitation expenses up to $4500, work loss payments of up to $900 a month and essential services expenses of $25 a day. (Doc. 18, exh. 1 at 41). Smith's demand letter sent to plaintiff sets forth the amount of medical bills at $205,000 and the amount of the required personal injury benefits at $27,500. (Doc. 8, exh. B).

Moreover, plaintiff argues that its liability exceeds the jurisdictional requirement because it is required to defend, and continues to defend, Baker in state court. Costs of providing a defense in state proceedings can be considered as a part of the amount in controversy. McClain, 603 F.2d at 823.

While Smith argues that plaintiff's liability will only be limited to $25,000, the court finds it interesting to note that Smith's attorney sent a demand letter to plaintiff in which he argued that he believed that plaintiff would be responsible for the total amount of damages, which Smith's attorney believes to be more than $600,000. However, without any explanation, Smith's counsel quickly did an about-face when faced with a federal action for a declaratory judgment.

The court finds that plaintiff has sufficiently established that the amount in controversy exceeds $75,000. Defendants' motion to dismiss is denied.

**B. Motion for Summary Judgment**

Plaintiff moves for summary judgment on the basis that the insurance policy it provided to A-OK Car Rental does not cover the accident that occurred on November 21, 2007. Defendants respond that the statutory exclusion is not applicable as A-OK was not a self-insurer and therefore must provide insurance for the vehicle.

K.S.A. 40-3104(a) requires that "[e]very owner shall provide motor vehicle liability insurance coverage in accordance with the provisions of this act for every motor vehicle owned by such person." A-OK Car Rental was the owner of the vehicle driven by Baker and obtained an insurance policy from plaintiff. That policy provides that a "rentee," such as Baker, is an insured under the policy. (Doc. 18, exh. 2). In addition, the policy provided as follows:

> The insurance provided by this policy for the rentee is subject to the terms, conditions, restrictions and limitations contained in the rental agreement, provided that our limit of insurance under the "Liability Coverage" cannot be and is not enlarged or expanded beyond the limit shown on the declarations page attached to this policy.

(Doc. 18, exh. 2). As previously noted, the rental agreement expressly provided that the "rentor," A-OK Car Rental, was not providing insurance to Baker.

In asserting that it is not required to provide insurance to Baker in this instance, plaintiff cites to two cases to support its position. In <u>Farm Bureau Mut. Ins. Co., Inc. v. Enterprise Leasing Co. of Kansas</u>, 30 Kan. App.2d 1291, 58 P.3d 751 (2002), the court

-5-

determined that the Kansas Automobile Injury Reparations Act (KAIRA) did not require Enterprise, a self-insured car rental company, to provide insurance to its rentee when the rentee held primary insurance with Farm Bureau and did not purchase the insurance offered through Enterprise.  The court reasoned that the statute requires owners to provide liability insurance on its vehicles but also allows a self-insured to exclude liability coverage when the vehicle is rented to others under K.S.A. 40-3107(h).

In State Farm Mut. Auto. Ins. Co. v. Winney, 22 Kan. App.2d 833, 923 P.2d 517 (1996), the court held that the rental agreement required the rental company to provide coverage after determining that the rentee's own insurance would not cover the loss in the rental car. The rental agreement stated that the rentee was not being provided with liability insurance and that "renter protection" would only be applicable when there is no primary insurance available to the rentee. The court found the rental company to be responsible for the loss because the rentee's insurance policy stated that the policy would only be considered excess when the insured was driving a "temporary substitute car."  923 P.2d at 518.

Plaintiff argues that these cases support the position that plaintiff could deny coverage when the rental agreement specifically excluded liability insurance and Baker's own policy covered the accident.  Defendants respond that those cases are distinguishable because A-OK is not self-insured.  The statutory provision which allows an insurer to exclude coverage on a car being rented does not specify that the provision is only applicable to self-insureds.  See K.S.A. 3107(h).  Moreover, the Kansas Supreme Court has held that the

legislature intended to treat insured and self-insureds equally. See Overbaugh v. Strange, 254 Kan. 605, 613, 867 P.2d 1016 (1994).

The rental agreement in this case clearly excluded liability coverage to Baker and there is no dispute that Baker had liability coverage in affect that provided coverage for the accident. "K.S.A. 40-3104(a) does not require every vehicle owner to provide primary coverage, or even any coverage, in all circumstances, but rather it requires that coverage be provided in accordance with the other KAIRA provisions." Enterprise, 30 Kan. App.2d at 1293-1294. K.S.A. 40-3107(h) allows an insurer to exclude coverage when the vehicle is being rented. Reading both the rental agreement and the policy between plaintiff and A-OK, it is clear that Baker was not being provided liability insurance. Moreover, there is no evidence that Baker was operating under any false pretense that she was being provided with liability insurance from A-OK at the time of her accident.[1] See Ponds ex rel. Poole v. Hertz Corp., 37 Kan. App.2d 882, 889, 158 P.3d 369, 374 (2007)("There would be no incentive for renters to pay an additional fee for insurance if the mere act of renting the car provided them with a full range of insurance protection.")

Additionally, another statutory provision would also support a finding that plaintiff is not required to provide insurance in this

---

[1] Baker's affidavit includes a statement regarding her belief that she was covered under plaintiff's policy. The affidavit, however, does not assert that Baker had any knowledge of the policy at the time of renting the vehicle. Paragraphs nine and ten of the affidavit contain legal conclusions and are self-serving. Plaintiff's motion to strike those improper statements in the affidavit is granted. (Doc. 17).

-7-

case. K.S.A. 40-3107(i)(4) provides that "any insurer may exclude coverage for liability assumed by an insured under any contract or agreement." The rental agreement contained a statement that Baker agreed to "pay for all loss and damage" (Doc. 11, exh. A) and the insurance contract between plaintiff and A-OK stipulated that coverage was subject to the conditions in the rental agreement. As an insured, Baker entered into an agreement, the rental agreement, and assumed liability for any damages she incurred.

Therefore, the court finds that the accident which occurred on November 21, 2007, is not covered under the policy provided by plaintiff.

### III. Conclusion

Plaintiff's motion for summary judgment is granted. (Doc. 11). Defendants' motion to dismiss is denied. (Doc. 8).

The court finds that the insurance policy issued to A-OK by plaintiff does not provide coverage to Baker for the accident which occurred on November 21, 2007, and plaintiff is not liable to Smith for the damages he suffered in the accident. Moreover, plaintiff is not required to provide a defense to Baker in the Kearny County lawsuit filed by Smith.[2] Judgment shall be entered accordingly.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in

---

[2] As a result of the ruling in this case, Baker's motion for attorney fees is denied. (Doc. 16).

Comeau v. Rupp.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

IT IS SO ORDERED.

Dated this  5th  day of February 2010, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE